

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BLAKE TAYLOR, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 11 C 1831 |
| v. | ) | |
| | ) | The Honorable William J. Hibbler |
| | ) | |
| JAY PAUL DERATANY, THE LAW OFFICES | ) | |
| OF DERATANY & CARDEN, LTD. AND JAY | ) | |
| PAUL DERATANY & ASSOC., LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Blake Taylor alleges that Jay Deratany and his law firm intentionally inflicted emotional

distress upon her. The Defendants argue that Taylor's claims are barred by the doctrine of *res*

*judicata* and move to dismiss. Defendants also ask for sanctions.

The factual basis of Taylor's claims requires some explanation because this dispute has its

origin in events that have transpired over the course of the last 20 years. The Court takes this factual

background by accepting the truth of the allegations in Taylor's complaint. Taylor alleges that she

was the victim of severe domestic violence between 1991 and 1993. According to Taylor, her then-

fiancé physically abused her, conspired with Chicago police and Cook County judges to remove her

from her home, and directed veiled death threats towards her. Taylor found the abuse so severe that

she changed her name and her social security number in an effort to detach herself from her abuser.

Around the same time, Taylor became embroiled in medical malpractice litigation. At some

point in the litigation, she hired the Defendants in this suit to represent her. Because the lawsuit had

been filed under Taylor's birth name and not her assumed name, she informed the Defendants of her previous abuse and the importance of her privacy. Taylor did not prevail in the medical malpractice suit, which lasted approximately six years. At the conclusion of the suit, Taylor created a website on which she discussed her feelings about the suit, including her opinions the doctor who was the defendant, witnesses, and attorneys who represented both sides.

In 2003, the Defendants sued Taylor in response to her website, alleging defamation and interference with business relationships (the opening salvo in this overly-litigious relationship). In the caption of the lawsuit, the Defendants referred to Taylor by both her birth name and her assumed name. After the Defendants launched their suit against Taylor, Taylor filed a counterclaim (Taylor 1), raising substantially the same allegations that she raises here. In short, Taylor claimed that the Defendants knew that publicly linking her birth and assumed names would cause her emotional distress because they knew it was important to her to protect her identity from her former abuser.

The parties litigated Taylor 1 for nearly four years. In October 2006, the Defendants voluntarily dismissed their claims against Taylor with prejudice and Taylor dismissed hers without prejudice. Less than a year later, Taylor refiled her claims against the Defendants in the Circuit Court of Cook County under the alias Jane Doe (Taylor 2). The Defendants argued that the case should be dismissed because Jane Doe was a fictitious plaintiff, Taylor had not received permission to proceed under a psuedonym pursuant to 735 ILCS 5/2-401(e), and therefore Taylor's claim was *void ab initio*. The state trial court agreed and dismissed her case without prejudice.

More than a year later, Taylor asked the state trial court for leave to amend Taylor 2. The state trial court denied her motion and Taylor appealed. The state appellate court concluded that the

state trial court had lost jurisdiction 30 days after it had dismissed Taylor 2 and therefore had no jurisdiction to entertain Taylor's request to amend her complaint.

While Taylor's appeal of Taylor 2 was pending, she filed a third suit against the Defendants in state court (Taylor 3). Taylor filed Taylor 3 using her birth name. Again, the Defendants moved to dismiss because Taylor did not obtain approval to file the case using a psuedonym. The state trial court dismissed Taylor 3, noting specifically that the dismissal did not constitute an adjudication on the merits.

Taylor then filed this suit. Defendants argue that *res judicata* bars Taylor's claims. For *res judicata* to bar Taylor's claims, three factors must be present. There must be: (1) an identity of the parties; (2) an identity of the causes of action; (3) a final judgment on the merits in a previous action. *Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011). The Defendants contend that the dismissals of Taylor 2 and Taylor 3 operate as final judgments on the merits. In support, Defendants cite Illinois Supreme Court Rule 273, which states that involuntary dismissals, "*other than dismissal[s] for lack of jurisdiction,* for improper venue, or for failure to join an indispensable party," operate as adjudications upon the merits. Defendants' argument is absurd.

It is clear from the state proceedings that Taylor failed to fulfill a prerequisite to filing her suits and thus they were dismissed for lack of jurisdiction. Dismissals for lack of jurisdiction are not adjudications on the merits, either under Illinois Supreme Court Rule 273 or federal law. *Hill v. Potter*, 352 F.3d 1142, 1146 (7th Cir. 2003); Illinois Supreme Court Rule 273. In moving to dismiss Taylor 3, Defendants themselves argued that the state court had no jurisdiction, stating that "the court has no jurisdiction and the case must be dismissed. Dismissal of a suit for failure to comply with the statute regarding fictitious names is required." (Defendant's Motion to Dismiss Pursuant

to 735 ILCS 5/2-619, Case No. 09 L 1012). Accordingly, the state court in Taylor 3 notes invoked Rule 273 and specifically instructed that the dismissal did not constitute an adjudication on the merits. Clearly, that dismissal cannot operate as an adjudication on the merits and Defendants' argument to the contrary is patently frivolous.

Although the language in Taylor 2 is not as clear as the language in Taylor 3, Taylor 2 likewise is not a final judgment on the merits. Rather, Taylor 2 was dimssied for lack of jurisdiction. The state trial court noted that the Defendants argued that the suit was *void ab initio*. Technically, orders entered by a court lacking jurisdiction are *void ab initio*, meaning that the court lacked jurisdiction to enter any order and therefor the order is void. *See In re M.W.*, 905 N.E.2d 757, 763 (Ill. App. Ct. 2009); *Palen v. Daewoo Motor Co.*, 832 N.E.2d 173, 185 (Ill. App. Ct. 2005) (proceedings are *void ab initio* where court lacks jurisdiction); *People v. Snell*,829 N.E.2d 433, 436 (Ill. App. Ct. 2005) (orders entered by a court lacking subject matter jurisdiction are *void ab initio*). In essence then, by dismissing Taylor 2 as *void ab initio*, the state trial court observed that it lacked jurisdiction over the case because Taylor had not followed the proper procedure in obtaining permission to file her claim under a psuedonym (which is precisely the argument Defendants raised in Taylor 3).

Defendants point to the state appellate court's interpretation of the Taylor 2 dismissal to support their argument that the Taylor 2 dismissal was a final adjudication on the merits. It is true that the state appellate court held that the state trial court's dismissal was a final order, meaning that it was then appealable. However, it is also most definitely clear that the state appellate court did not consider it to be an adjudication of the merits of Taylor's underlying claim. Rather, the state appellate court noted that the state trial court had spoken its final word on the issue of whether

4

Taylor could bring the claim under a psuedonym. Thus, according to the state appellate court, Taylor needed to appeal that issue at the time the state trial court ruled and the state trial court had no jurisdiction to entertain a motion to amend that she filed a year-and-a-half later.

Because neither Taylor 2 nor Taylor 3 was an adjudication on the merits, *res judicata* is not applicable. The Court DENIES Defendants' Motion to Dismiss

Several final comments are in order. First, in reviewing this motion the Court observes that Taylor has not adequately pleaded a basis to invoke this Court's jurisdiction. Taylor purports to bring her claims under this Court's diversity jurisdiction. Taylor alleges her residence and Defendant Deratany's residence. Of course, for the Court to have jurisdiction based on the diversity of the parties, the parties must be *citizens* of different states. 28 U.S.C. § 1332. Residence and citizenship are not synonyms, and it is the latter that matters for purposes of diversity jurisdiction. *Hunter v. Amin*, 583 F.3d 486, 491 (7th Cir. 2009). Further, Taylor makes no effort whatsoever to identify the citizenship of the limited liability corporation or the partnership that she names as additional Defendants. Consequently, the Court directs Taylor to file an amended complaint on or before August 24, 2011 that properly pleads a basis for this Court's jurisdiction. Failure to do so will result in dismissal for lack of subject matter jurisdiction.

Second, in addition to moving to dismiss Defendants also move for sanctions. Because the Court has denied the Motion to Dismiss, it also DENIES Defendants' Motion for Sanctions. Defendants' Motion, however, compels the Court to comment on the already overly litigious nature of the case. Taylor and the Defendants have been feuding for going on nine years. The acrimony between the parties is palpable. The parties have sufficient animosity towards each other that it infects their conduct in the litigation. For example, both parties filed motions to strike in connection

with the briefing of these motions, neither of which were warranted and both of which served only to waste the Court's time and resources. The parties take unbecoming pot shots at each other. Defendants go so far as to suggest, absurdly, that Taylor has perpetrated frauds on the court and that the matter should be referred to the Department of Justice for criminal investigation and prosecution. The Court reminds the parties that hyperbole will get them nowhere.

Finally, despite the fact that the Court has denied Defendants' Motions, it has serious doubts about the tenability of Taylor's claim. Taylor suggests that Defendants connected her birth name and her actual name in filing their 2003 law suit against her, causing her emotional distress because she feared a former abusive partner would then be able to track her down. However, Taylor referred to herself by her birth name in her original Complaint. Although Taylor later sought to correct this error (only after being notified of it by Defendants), the fact remains that if Taylor herself is not careful in protecting her identity, it is plausible to infer that her alleged emotional distress is exaggerated. Of course, the Court's supposition can not be the basis for dismissing Taylor's claim at this stage of the proceedings. In addition, the Court observes that Taylor's claims are nearly nine years old. While Defendants did not raise a statute of limitations argument in their Motion to Dismiss, it is quite possible that the statute of limitations bars Taylor's claims.

The Court strongly encourages the parties to find a way to resolve this litigation and, if they cannot, litigate this matter civilly.

IT IS SO ORDERED.

8/9/11

Wm. J. Hibbler

Dated                                                    Hon. William J. Hibbler
                                                         U.S. District Court